UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MICHELLE JENKINS AND
MATTIE GADSON,
   Plaintiffs,

v.

VETERANS' LIFE INSURANCE
COMPANY, INC.
   Defendant.

05-11139 NG

Civil Action No.

MAGISTRATE JUDGE

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATED DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

The defendant, Veterans' Life Insurance Company, Inc. ("VLIC"), files this Petition for Removal pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1446(a), and respectfully submits that:

1. On or about May 20, 2005, VLIC received a Summons and Order of Notice, together with the Complaint and Civil Action Cover Sheet in the matter entitled *Michelle Jenkins and Mattie Gadson v. Veterans' Life Insurance Company, Inc.*, Suffolk County Superior Court, Civil Action No. 05-1880-H. True, accurate and complete copies of the Summons and Order of Notice, Complaint, and Civil Action Cover Sheet are attached hereto as Exhibit "A." The Summons and Order of Notice, Complaint, Civil Action Cover Sheet, and Order constitute all process, pleadings and orders served upon VLIC in this matter to date.

2. Removal to the United States District Court for the District of Massachusetts in Boston is appropriate as (1) the United States District Court has original jurisdiction over the action, and (2) the United States District Court for the District of Massachusetts, Eastern Section embraces

the place, i.e., Suffolk County, where the action is pending. 28 U.S.C. §1441(a).

3.  Original jurisdiction is based upon the diversity of the parties. Plaintiffs, Michelle Jenkins and Mattie Gadson are residents of Suffolk County, Commonwealth of Massachusetts. Defendant, VLIC, is a foreign corporation with its offices in Valley Forge, Pennsylvania, 19493. Furthermore, the amount in controversy is expected to exceed the value of $75,000. *See* Complaint and Civil Action Cover Sheet attached hereto as Exhibit "A."

4.  This Notice of Removal is being filed within the time period required by law. 28 U.S.C. § 1441(b).

5.  Promptly after the filing of this Notice of Removal, a copy of the Notice will be filed with the Clerk of Courts for the Suffolk County Superior Court, and all adverse parties will receive written notice of the filing of this Notice of Removal.

WHEREFORE, defendant Veterans' Life Insurance company, Inc. prays that this action be removed from the Suffolk County Superior Court to the United States District Court for the District of Massachusetts.

VETERANS' LIFE INSURANCE
COMPANY, INC.,
By Its Attorneys,

_____
Robert P. La Hait, Esq. (BBO# 551000)
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street, Suite 1700
Boston, MA 02110-1727
(617) 695-2330 (telephone)
(617) 695-2335 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2005, I have served the above *Notice of Removal* upon all counsel of record listed below by regular mail, postage prepaid.

Burton A. Nadler, Esq.
Petrucelly & Nadler, PC
One State Street, Suite 900
Boston, MA 02109

Robert P. La Hait, Esq.



# COMMONWEALTH OF MASSACHUSETTS
## Office of Consumer Affairs and Business Regulation
### DIVISION OF INSURANCE
One South Station • Boston, MA 02110-2208
(617) 521-7794 • FAX (617) 521-7475
Springfield Office (413) 785-5526
TTY/TDD (617) 521-7490
http://www.state.ma.us/doi

**CORP. LAW DEPT**

**MAY 20 2005**

**MITT ROMNEY**
GOVERNOR

**KERRY HEALEY**
LIEUTENANT GOVERNOR

**BETH LINDSTROM**
DIRECTOR, CONSUMER AFFAIRS
AND BUSINESS REGULATION

**JULIANNE M. BOWLER**
COMMISSIONER OF INSURANCE

May 13, 2005

VETERANS LIFE INSURANCE COMPANY
Craig D. Vermie, Secretary, Vice President
4333 Edgewood Road N.E.
Cedar Rapids, IA 52499

Dear Mr. Vermie:

Enclosed please find legal process served upon the Commissioner of Insurance as attorney for a foreign company as provided for in Massachusetts General Laws, c. 175, §154 and §151(3).

In addition, the legal department is asking that the company update our offices via fax or mail with the current location and designee to receive service on behalf of the insurance company. This service has been sent to the office we have on file now. If in fact it has changed, please notify us so that in the future any process can be completed as soon as possible.

Sincerely,

Carey A. Luckey
Administrative Assistant
Legal Division





SUFFOLK, ss.

# Commonwealth of Massachusetts

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-1880-H

MICHELLE JENKINS, ET AL _____, Plaintiff(s)

v.

VETERANS LIFE INSURANCE COMPANY, INC. _____, Defendant(s)

## SUMMONS AND ORDER OF NOTICE

To the above-named Defendant:   Veterans Life Insurance Company, Inc.

You are hereby summoned and required to serve upon Burton A. Nadler, Esq./Petrucelly & Nadler, P plaintiff's attorney, whose address is One State Street, Ste. 900 Boston Ma 02109 _____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WE ALSO NOTIFY YOU that application has been made in said action, as appears in the complaint, to show cause why a preliminary injunction should not be granted for a ~~preliminary injunction~~ and that a hearing upon such application will be held at the court house at said Boston of our said court on Thursday in Ctrm.1015,10th Flr. _____ the nineteenth day of May _____ A.D. 200 5 , at 2:00 _____ o'clock ~~A~~P.M., at which time you may appear and show cause why such application should not be granted.

Witness, Barbara J. Rouse, Esquire, at Boston, the ___twelfth_____ day of ___May_____,in the year of our Lord two thousand ___and five_____.

Assst./Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM CIV.P.2 3M 12/04

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: Suffolk | Docket Number: 05-2030 H |
|---|---|---|

| PLAINTIFF(S) Michelle Jenkins, et al | DEFENDANT(S) Veterans Life Insurance Company, Inc. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Burton A. Nadler Petrucelly & Nadler, P.C. One State Street, Suite 900 Boston, MA 02109 617.720.1717 Board of Bar Overseers number: 366340 | ATTORNEY (If Known) |

Origin code and track designation

Place an x in one box only

[x] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231, s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231, s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s.97 &104(After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E-99 | Declaratory and Injunctive Relief | (X) | (x) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total Hospital expenses ................................................. $
2. Total Doctor expenses .................................................. $
3. Total chiropractic expenses ............................................ $
4. Total physical therapy expenses ....................................... $
5. Total other expenses (describe) ....................................... $
   Subtotal $
B. Documented lost wage and compensation to date ........................ $
C. Documented property damage to date ................................... $
D. Reasonably anticipated future medical and hospital expenses ........... $
E. Reasonably anticipated lost wages ..................................... $
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   $
   Total $

Contract Claims
(Attach additional sheets as necessary)
Provide a detailed description of claim(s)
Defendant refuses to pay life insurance proceeds to the plaintiff beneficiaries.

Total $ 180,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods"

Signature of Attorney of Record _____ Date: 5/12/05

A.O.S.C. 2003

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss:     TRIAL COURT OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
CIVIL DIVISION
NO.   05-1880-H

MICHELLE JENKINS and )
MATTIE GADSON, )
    Plaintiffs )
)
)   VERIFIED COMPLAINT FOR
v. )   DECLARATORY AND EQUITABLE RELIEF AND
)   FOR DAMAGES AND DEMAND FOR TRIAL BY
VETERANS' LIFE INSURANCE )   JURY
COMPANY, INC. )
    Defendant )
)

## INTRODUCTION

1. This is an action for declaratory and injunctive relief against the Veterans' Life Insurance Company, Inc., (hereinafter "Veterans") for damages under M.G.L.c.93A and for breach of contract. The plaintiffs are the beneficiaries of two life insurance policies of the now deceased Rufus Jenkins, the father of Michelle Jenkins and the son of Mattie Gadson. The plaintiffs seek to enjoin Veterans from failing and refusing to pay the accidental death benefits under the above noted life insurance policies and for failing and refusing to reply as required by law, to the plaintiffs' M.G.L.c.93A letter.

1

## PARTIES

2. Michelle Jenkins is an adult resident of the Dorchester section of the City of Boston, Suffolk County, Massachusetts.

3. Mattie Gadson is an adult resident of the Dorchester section of the City of Boston, Suffolk County, Massachusetts.

4. Veterans is a life insurance company with is current place of business in Frazer, and Valley Forge, Pennsylvania, doing business in the Commonwealth of Massachusetts.

## FACTS

5. Before his untimely death on December 25, 2004, Rufus E. Jenkins was the father of the plaintiff, Michelle Jenkins and the son of the plaintiff, Mattie Gadson.

6. On December 25, 2004, Rufus E. Jenkins was stabbed to death in Boston, Massachusetts.

7. Prior to his death, Mr. Jenkins had paid all of his premiums and was the owner of two polices of insurance through Veterans Life Insurance Company, Inc., contract numbers QH02529 and QI35913, the former naming the plaintiff, Michelle Jenkins, as the beneficiary and the latter naming the plaintiff, Mattie Gadson as the beneficiary.

8. After the death of Rufus E. Jenkins, the plaintiffs petitioned Veterans to collect the aforementioned death benefits under the above mentioned policies.

2

9. The defendant refused to provide said benefits, claiming that they had "an investigation that they had to handle with regards to this matter."

10. The defendant's agents have been in touch with the Boston Police Homicide Unit, the Medical Examiner's Office and have received to date the Boston Police Incident Report, the autopsy report, the death certificate and any and all other information that they have sought that would reasonably allow them to make a determination as to the cause of death of Rufus E. Jenkins.

11. The cause of death of Rufus E. Jenkins was multiple stab wounds.

12. After months of delay, the plaintiffs instructed their counsel to send an M.G.L.c.93A demand letter to the Veterans demanding that the payments be made under the terms of the aforementioned policies. This letter was sent on March 21, 2005 and received on March 23, 2005.

13. On April 7, 2005, rather than making any counter offer of settlement, the defendant failed and refused to make any offer and still failed and refused to pay the death benefits under said policies.

14. On April 12, 2005, counsel for the plaintiffs made a further demand indicating that the failure to make any counter offer was a further violation of M.G.L.c.93A and Veterans have

3

failed to respond to that demand for payment of the death benefits thereunder.

15. Veterans has been unlawfully delaying the payment of the death benefits by sending questionnaires to a Detective Jeremiah Benton of the Boston Police Department which have nothing to do with any exceptions in their insurance policy and which in no way would negate or change the cause of death or the result of the death being any exception in said policy as there is no doubt about the cause of death being multiple stab wounds.

16. Despite this overwhelming evidence the defendant has still failed and refused to pay the beneficiaries under the terms of the policies.

## CAUSES OF ACTION

Count I: Breach of Contract (Third Party Beneficiaries)

16. The plaintiffs restate and incorporate by reference paragraphs 1 through 15, above, as though fully stated herein.

17. The policies of insurance held by Rufus E. Jenkins designated that payments would be made to the beneficiaries unless the cause of death was under exclusion, which is not the case in the instant matter.

18. Thus, the defendant has breached the insurance policies held on the life of Rufus E. Jenkins.

4

19. At all times relevant to this matter, the plaintiffs in this matter, as beneficiaries of both policies, were third party beneficiaries to the contract between the late Rufus E. Jenkins and the defendant and have suffered pecuniary loss as a result of the breach of contract.

Count II: Violation of M.G.L.c.93A

20. The plaintiffs restate and incorporate by reference paragraphs 1 through 19, above, as though fully stated herein.

21. The defendant has breached Chapter 93A by committing unfair and deceptive business practices in the business of insurance by failing and refusing to pay the death benefits under the aforementioned policies of insurance.

PRAYERS FOR RELIEF

Wherefore, the plaintiffs pray:

A. That the defendant, Veterans Life Insurance Company, Inc., be preliminarily and permanently enjoined from failing and refusing to pay the death benefits to the plaintiffs under the life insurance polices noted above.

B. That this Court declare the rights and liabilities of all parties in this action, pursuant to M.G.L.c.231A.

C. That the defendant pay damages to the plaintiffs under Count II, of _treble_ the death benefits of each policy, plus all

of the plaintiffs' costs, interest and a reasonable attorney's fee, pursuant to M.G.L.c.93A.

D. That this Court award such other relief as it deems necessary and proper.

THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES TRIABLE.

Respectfully submitted,
Plaintiffs,
By their attorney,

Burton A. Nadler
BBO# 366340
Petrucelly & Nadler, P.C.
One State Street, Suite 900
Boston, MA 02109
(617) 720-1717

Dated: May 11, 2005

[jenkins.michelle/verified complaint]

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss:                    TRIAL COURT OF MASSACHUSETTS
                                SUPERIOR COURT DEPARTMENT
                                CIVIL DIVISION
                                NO.

MICHELLE JENKINS and         )
MATTIE GADSON,               )
        Plaintiffs           )
                             )
                             )   JURAT
    v.                       )
                             )
VETERANS' LIFE INSURANCE     )
COMPANY, INC.                )
        Defendant            )
                             )

We, Michelle Jenkins and Mattie Gadson, the plaintiffs in the above entitled matter, hereby certify that we have each read the attached Verified Complaint and that all of the information contained therein is true to the best of our knowledge and belief.

Signed under the pains and penalties of perjury this 11th day of May, 2005.

_____
Michelle Jenkins


_____
Mattie Gadson


                                Dated: May 11, 2005

[jenkins,michelle/jurat]

1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 05-1880

MICHELLE JENKINS and MATTIE GADSON,
Plaintiffs

vs.

VETERANS' LIFE INSURANCE COMPANY, INC.,
Defendant

### ORDER

After hearing this day, which the defendant did not attend, this Court ORDERS that:

1. The hearing on plaintiff's motion for a preliminary injunction that would require the defendant to pay the death benefits to the plaintiff beneficiaries pending final resolution of this case is postponed until June 2, 2005 at 2:00 p.m. to give the defendant additional time to consider its course of action and prepare to defend against this claim.

2. The defendant is placed on notice that failure to attend the June 2 hearing will likely result in the grant of the preliminary relief sought by the plaintiff. The defendant at the June 2 hearing will be expected to demonstrate its good faith basis for believing that death benefits are not now due to the plaintiff beneficiaries.

Ralph D. Gants
Justice of the Superior Court

DATE: May 19, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  Michelle Jenkins, et al v. Veterans' Life Insurance Company

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   05-11139 NG

   [ ]  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ]  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.             for patent, trademark or copyright cases

   [✓] III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   [ ]  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   [ ]  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   n/a

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                                        YES [ ]    NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
                                                                                        YES [ ]    NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                                        YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                                        YES [ ]    NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                                        YES [✓]    NO [ ]

   A.   If yes, in which division do all of the non-governmental parties reside?
        Eastern Division [✓]       Central Division [ ]       Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division [ ]       Central Division [ ]       Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                                        YES [✓]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Robert P. La Hait, Esq., Fitzhugh, Parker & Alvaro LLP
ADDRESS   155 Federal Street, Suite 1700, Boston, MA 02110
TELEPHONE NO.   617-695-2330

(CategoryForm.wpd - 5/2/05)

☙JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Michelle Jenkins and Mattie Gadson | Veterans' Life Insurance Company, Inc., Valley Forge, PA 19493 |
| (b) County of Residence of First Listed Plaintiff  **Suffolk** (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number) Burton A. Nadler, Petrucelly & Nadler, PC, One State Street, Suite 900 Boston, MA 02109 | Attorneys (If Known) Robert P. La Hait, Fitzhugh, Parker & Alvaro LLP, 155 Federal Street, Suite 1700, Boston, MA 02110 |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1441 and 28 U.S.C. §1446(a)
Brief description of cause:
Plaintiff alleges that defendant refuses to pay life insurance proceeds to the plaintiff beneficiaries.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 180,000.00    CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: June 1, 2005
SIGNATURE OF ATTORNEY OF RECORD: /s/ Robert P. La Hait

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____