MAS-20030912
guen

Case 1:05-cv-11139-NG    Document 4    Filed 06/10/2005    Page 1 of 12

06/06/2005
10:12 AM

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

# SUCV2005-01880
## Jenkins et al v Veterans' Life Ins Co Inc

| File Date | 05/12/2005 | Status | Disposed: transfered to other court (dtrans) |
|---|---|---|---|
| Status Date | 06/06/2005 | Session | H - Civil H, 3 Pemberton Square, Boston |
| Origin | 1 | Case Type | E99 - Miscellaneous |
| Lead Case |  | Track | X |

| Service | 08/10/2005 | Answer | 10/09/2005 | Rule12/19/20 | |
|---|---|---|---|---|---|
| Rule 15 |  | Discovery |  | Rule 56 | |
| Final PTC | 11/08/2005 | Disposition | 12/08/2005 | Jury Trial | No |

### PARTIES

**Plaintiff**
Michelle Jenkins
Active 05/12/2005

**Private Counsel 366340**
Burton A Nadler
Petrucelly & Nadler
1 State Street
Suite 900
Boston, MA 02109
Phone: 617-720-1717
Fax: 617-720-1765
Active 05/12/2005 Notify

**Plaintiff**
Mattie Gadson
Active 05/12/2005

**Defendant**
Veterans' Life Ins Co Inc
Served: 05/13/2005
Served (answr pending) 05/19/2005

**Private Counsel 551000**
Robert P LaHait
Fitzhugh Parker & Alvaro
155 Federal Street
Suite 1700
Boston, MA 02110-1727
Phone: 617-695-2330
Fax: 617-695-2335
Active 06/06/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/12/2005 | 1.0 | Complaint |
| 05/12/2005 |  | Origin 1, Type E99, Track X. |
| 05/12/2005 | 2.0 | Civil action cover sheet filed |
| 05/12/2005 |  | Summons and order of notice issued; returnable Thursday, May 19,2005 at 2:00pm to show cause re: PI (Gants,J) Summons & order of notice issued  See P#1 |
| 05/19/2005 | 3.0 | SERVICE RETURNED (order of notice)  Veterans' Life Ins Co Inc(Defendant) (certified mail) |
| 05/23/2005 | 4.0 | ORDER : 1. The hearing on plff's motion for a preliminary injunvtion that would require the deft  to pay the death benefits to the plff |

MAS-20030912  **Commonwealth of Massachusetts**  06/06/2005
guen  SUFFOLK SUPERIOR COURT  10:12 AM
Case Summary
Civil Docket

## SUCV2005-01880
### Jenkins et al v Veterans' Life Ins Co Inc

| Date | Paper | Text |
|---|---|---|
|  | 4.0 | beneficiaries pendfing final resolution of this case is postponed until June 2, 2005 at 2:00pm to give the deft additional time to consider its course of action and prepare to defend against this claim. 2. The deft is placed on notice that failure to attend the June 2 hearing will likely result i the grant of the preliminary relief sought by the plff. the deft at the June 2 hearing will be expected to demonstrate its good faith basis for believing that death benefits are not now due tio the plff beneficiaries (Ralph D. Gants, Justice) (entered 5/19/05) notice sent 5/20/05 |
| 06/01/2005 |  | Certified copy of petition for removal to U. S. Dist. Court of Deft. Veteran's Life Insurance Company, Inc. U. S. Dist.#(05-11139NG). |
| 06/06/2005 |  | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 05/19/2005 | Civil H, 3 Pemberton Square, | Motion/Hearing: prel inj | Event continues over Multiple Days |
| 06/02/2005 | Civil H, 3 Pemberton Square, | Motion/Hearing: order of notice see order 5/19/05 removed to usdist ct | Event canceled not re-scheduled |

I HEREBY ATTEST AND CERTIFY ON

JUNE 6, 2005 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss:                             TRIAL COURT OF MASSACHUSETTS
                                         SUPERIOR COURT DEPARTMENT
                                         CIVIL DIVISION
                                         NO.

MICHELLE JENKINS and          )
MATTIE GADSON,                )
        Plaintiffs            )
                              )          VERIFIED COMPLAINT FOR
        v.                    )          DECLARATORY AND EQUITABLE RELIEF AND
                              )          FOR DAMAGES AND DEMAND FOR TRIAL BY
VETERANS' LIFE INSURANCE      )          JURY
COMPANY, INC.                 )
        Defendant             )
                              )

INTRODUCTION

1.  This is an action for declaratory and injunctive relief against the Veterans' Life Insurance Company, Inc., (hereinafter "Veterans") for damages under M.G.L.c.93A and for breach of contract. The plaintiffs are the beneficiaries of two life insurance policies of the now deceased Rufus Jenkins, the father of Michelle Jenkins and the son of Mattie Gadson. The plaintiffs seek to enjoin Veterans from failing and refusing to pay the accidental death benefits under the above noted life insurance policies and for failing and refusing to reply as required by law, to the plaintiffs' M.G.L.c.93A letter.

1

## PARTIES

2. Michelle Jenkins is an adult resident of the Dorchester section of the City of Boston, Suffolk County, Massachusetts.

3. Mattie Gadson is an adult resident of the Dorchester section of the City of Boston, Suffolk County, Massachusetts.

4. Veterans is a life insurance company with is current place of business in Frazer, and Valley Forge, Pennsylvania, doing business in the Commonwealth of Massachusetts.

## FACTS

5. Before his untimely death on December 25, 2004, Rufus E. Jenkins was the father of the plaintiff, Michelle Jenkins and the son of the plaintiff, Mattie Gadson.

6. On December 25, 2004, Rufus E. Jenkins was stabbed to death in Boston, Massachusetts.

7. Prior to his death, Mr. Jenkins had paid all of his premiums and was the owner of two polices of insurance through Veterans Life Insurance Company, Inc., contract numbers QH02529 and QI35913, the former naming the plaintiff, Michelle Jenkins, as the beneficiary and the latter naming the plaintiff, Mattie Gadson as the beneficiary.

8. After the death of Rufus E. Jenkins, the plaintiffs petitioned Veterans to collect the aforementioned death benefits under the above mentioned policies.

9. The defendant refused to provide said benefits, claiming that they had "an investigation that they had to handle with regards to this matter."

10. The defendant's agents have been in touch with the Boston Police Homicide Unit, the Medical Examiner's Office and have received to date the Boston Police Incident Report, the autopsy report, the death certificate and any and all other information that they have sought that would reasonably allow them to make a determination as to the cause of death of Rufus E. Jenkins.

11. The cause of death of Rufus E. Jenkins was multiple stab wounds.

12. After months of delay, the plaintiffs instructed their counsel to send an M.G.L.c.93A demand letter to the Veterans demanding that the payments be made under the terms of the aforementioned policies. This letter was sent on March 21, 2005 and received on March 23, 2005.

13. On April 7, 2005, rather than making any counter offer of settlement, the defendant failed and refused to make any offer and still failed and refused to pay the death benefits under said policies.

14. On April 12, 2005, counsel for the plaintiffs made a further demand indicating that the failure to make any counter offer was a further violation of M.G.L.c.93A and Veterans have

failed to respond to that demand for payment of the death benefits thereunder.

15. Veterans has been unlawfully delaying the payment of the death benefits by sending questionnaires to a Detective Jeremiah Benton of the Boston Police Department which have nothing to do with any exceptions in their insurance policy and which in no way would negate or change the cause of death or the result of the death being any exception in said policy as there is no doubt about the cause of death being multiple stab wounds.

16. Despite this overwhelming evidence the defendant has still failed and refused to pay the beneficiaries under the terms of the policies.

## CAUSES OF ACTION

Count I:  Breach of Contract (Third Party Beneficiaries)

16. The plaintiffs restate and incorporate by reference paragraphs 1 through 15, above, as though fully stated herein.

17. The policies of insurance held by Rufus E. Jenkins designated that payments would be made to the beneficiaries unless the cause of death was under exclusion, which is not the case in the instant matter.

18. Thus, the defendant has breached the insurance policies held on the life of Rufus E. Jenkins.

19. At all times relevant to this matter, the plaintiffs in this matter, as beneficiaries of both policies, were third party beneficiaries to the contract between the late Rufus E. Jenkins and the defendant and have suffered pecuniary loss as a result of the breach of contract.

Count II:  Violation of M.G.L.c.93A

20. The plaintiffs restate and incorporate by reference paragraphs 1 through 19, above, as though fully stated herein.

21. The defendant has breached Chapter 93A by committing unfair and deceptive business practices in the business of insurance by failing and refusing to pay the death benefits under the aforementioned policies of insurance.

PRAYERS FOR RELIEF

Wherefore, the plaintiffs pray:

A.  That the defendant, Veterans Life Insurance Company, Inc., be preliminarily and permanently enjoined from failing and refusing to pay the death benefits to the plaintiffs under the life insurance polices noted above.

B.  That this Court declare the rights and liabilities of all parties in this action, pursuant to M.G.L.c.231A.

C.  That the defendant pay damages to the plaintiffs under Count II, of treble the death benefits of each policy, plus all

of the plaintiffs' costs, interest and a reasonable attorney's fee, pursuant to M.G.L.c.93A.

   D.  That this Court award such other relief as it deems necessary and proper.

        THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES TRIABLE.

                                    Respectfully submitted,
                                    Plaintiffs,
                                    By their attorney,

*[Handwritten annotation: May 12, 2005 Order of Notice to issue returnable at the "H" Session Courtroom 1015 on the 10th Floor on Thursday, May 19, 2005 at 2:00 pm to show cause why PI should not be granted. By the Court (Fants, J) /Attest/ Catherine Y. DeSimone, Assistant Clerk. Summons & order of notice issued]*

                                    _____
                                    Burton A. Nadler
                                    BBO# 366340
                                    Petrucelly & Nadler, P.C.
                                    One State Street, Suite 900
                                    Boston, MA  02109
                                    (617) 720-1717

                                    Dated:  May 11, 2005

I HEREBY ATTEST AND CERTIFY ON
JUNE 6, 2005 ___ THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
        ASSISTANT CLERK.

[jenkins,michelle/verified complaint]

6

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss:                         TRIAL COURT OF MASSACHUSETTS
                                     SUPERIOR COURT DEPARTMENT
                                     CIVIL DIVISION
                                     NO.

MICHELLE JENKINS and          )
MATTIE GADSON,                )
        Plaintiffs            )
                              )   JURAT
    v.                        )
                              )
VETERANS' LIFE INSURANCE      )
COMPANY, INC.                 )
        Defendant             )
                              )

We, Michelle Jenkins and Mattie Gadson, the plaintiffs in the above entitled matter, hereby certify that we have each read the attached Verified Complaint and that all of the information contained therein is true to the best of our knowledge and belief.

Signed under the pains and penalties of perjury this 11th day of May, 2005.

_____
Michelle Jenkins

_____
Mattie Gadson


Dated:  May 11, 2005

[jenkins,michelle/jurat]

1

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: Suffolk | Docket Number: 304 |
|---|---|---|

| PLAINTIFF(S) Michelle Jenkins, et al | DEFENDANT(S) Veterans Life Insurance Company, Inc. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Burton A. Nadler Petrucelly & Nadler, P.C. One State Street, Suite 900 Boston, MA 02109 617.720.1717 Board of Bar Overseers number: 366340 | ATTORNEY (If Known) |

Origin code and track designation

Place an x in one box only

[ x ] 1. FO1 Original Complaint
[  ] 2. FO2 Removal to Sup.Ct. C.231, s.104 (Before trial) (F)
[  ] 3. FO3 Retransfer to Sup.Ct. C.231, s.102C (X)
[  ] 4. FO4 District Court Appeal c.231, s.97 &104(After trial) (X)
[  ] 5. FO5 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[  ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E-99 | Declaratory and Injunctive Relief | ( X ) | ( X )Yes  (  )No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total Hospital expenses .................................................... $
2. Total Doctor expenses ..................................................... $
3. Total chiropractic expenses ............................................... $
4. Total physical therapy expenses .......................................... $
5. Total other expenses (describe) .......................................... $
   Subtotal $
B. Documented lost wage and compensation to date ............................. $
C. Documented property damage to date ........................................ $
D. Reasonably anticipated future medical and hospital expenses ............... $
E. Reasonably anticipated lost wages ......................................... $
F. Other documented items of damages (describe) .............................. $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   $
   Total $

Contract Claims
(Attach additional sheets as necessary)
Provide a detailed description of claim(s)
Defendant refuses to pay life insurance proceeds to the plaintiff beneficiaries.

Total  $ 180,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods"

Signature of Attorney of Record    Date: 5/12/05

A.O.S C. 2003

I HEREBY ATTEST AND CERTIFY ON
JUNE 6, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                   SUPERIOR COURT
                                               CIVIL ACTION
                                               NO. 05-1880

MICHELLE JENKINS and MATTIE GADSON,
Plaintiffs

vs.

VETERANS' LIFE INSURANCE COMPANY, INC.,
Defendant

ORDER

After hearing this day, which the defendant did not attend, this Court **ORDERS** that:

1. The hearing on plaintiff's motion for a preliminary injunction that would require the defendant to pay the death benefits to the plaintiff beneficiaries pending final resolution of this case is postponed until June 2, 2005 at 2:00 p.m. to give the defendant additional time to consider its course of action and prepare to defend against this claim.

2. The defendant is placed on notice that failure to attend the June 2 hearing will likely result in the grant of the preliminary relief sought by the plaintiff. The defendant at the June 2 hearing will be expected to demonstrate its good faith basis for believing that death benefits are not now due to the plaintiff beneficiaries.

*Ralph O. Gants*
Ralph D. Gants
Justice of the Superior Court

DATE: May 19, 2005

I HEREBY ATTEST AND CERTIFY ON
JUNE 6, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.



# Commonwealth of Massachusetts
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT
FOR CIVIL BUSINESS

ALL COMMUNICATIONS SHOULD BE ADDRESSED TO THE CLERK

Clerk's Office
SUFFOLK COUNTY

MICHAEL JOSEPH DONOVAN
Clerk/Magistrate

BOSTON, JUNE 6, 2005

Tony Anastas, Clerk/Magistrate
United States District
Court for District of MA
United States Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re: MICHELLE JENKINS AND MATTIE GADSON V. VETERANS' LIFE INSURANCE COMPANY, INC.

Civil Action No. 2005-1880 H

Dear Sir:

   Enclosed please find certified copy of the Petition for Removal, docket sheet and pleadings. The following pleadings are missing from our case file: P# 3.

Very truly yours,