UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
_____
                                )
MICHELLE JENKINS AND            )
MATTIE GADSON,                  )
     Plaintiffs,                )
                                )
                                )
                                )   Civil Action No.: 05-11139-NG
                                )
VETERANS' LIFE INSURANCE        )
COMPANY, INC.                   )
     Defendant.                 )
_____ )
```

**JOINT STATEMENT OF THE PARTIES IN ACCORDANCE WITH FED.CIV.P. 16(b<u>) AND 26(f)</u>**

## Joint Discovery Plan

**1)    Written Discovery**

Interrogatories:

The parties ask this Court to allow them to propound no more than thirty (30) Interrogatories on each party; however, they may serve more than one set of Interrogatories during the discovery period.

Requests for Production of Documents:

The parties ask this Court to not limit the number of items a party can ask to have produced or the number of sets of requests it can serve.

Request for Admissions:

The parties ask this Court to allow them to serve a total of no more than thirty (30) Requests for Admissions on each party, however, they may serve more than one set of Requests for Admissions during the discovery period.

**2)    Service**

Interrogatories:

The parties agree that all Interrogatories must be served on or before November 30, 2005.

Request for Production of Documents:

The parties agree that initial document requests must be served on or before November 30, 2005, and additional document requests may be served as discovery proceeds, if needed.

Request for Admissions:

The parties agree that all Requests for Admissions must be served on or before November 30, 2005.

**3) Compliance**

Interrogatories:

The parties agree that all Interrogatories must be answered in accordance with Fed.R.Civ.P. 33(b).

Request for Production of Documents:

The parties agree that all initial document requests must be responded to in accordance with Fed.Civ.P. 34(b).

Request for Admissions:

The parties agree that all Requests for Admissions must be answered in accordance with Fed.Civ.P. 26(f).

**4) Completion of Depositions**

The parties have agreed to complete depositions on or before March 30, 2006.

**5) Number of Depositions**

The defendant anticipates that it may only take the deposition of the following individuals:

a)   Detective Jeremiah Benton, Homicide Unit Boston Police Department

b)   Plaintiffs

c)   All beneficiaries under the relevant accidental death policies.

If these depositions reveal the identity of other possible witnesses with information relevant to plaintiffs' claims against the defendant, the defendant anticipates that it may need to take these depositions as well.

The plaintiff anticipates that it may take no more than two to three depositions. If these depositions, however, reveal the identity of other possible witnesses with

2

information relevant to plaintiffs' claims against the defendant, the plaintiff anticipates that it may need to take these depositions as well.

**6)   Identification of Trial Experts**

The parties agree that the Plaintiff will disclose her expert witnesses, if any, no later than forty-five 45 days after completion of depositions, on March 30, 2006, 2006, and the Defendant will disclose its expert witnesses, if any, no more than thirty (30) days after plaintiff's disclosure.

The parties also request the Court to allow the deposition of expert witnesses. The parties agree and understand that party taking such depositions will bear the costs of the deposition and paying the expert fee for his or her time.

**7)   Filing of Motions**

The parties that agree that all amendments to the pleadings and other Rule 15 Motions will be filed no later than August 1, 2005.

The parties agree that all Rule 56 Motions will be filed no later than April 30, 2006.

It is the intention of the defendant to move to stay the plaintiff's 93A claim pending a decision of the underlying claim no later than August 30, 2005.

**8)   Settlement conference:**

The parties agree that there should be a Settlement Conference scheduled no more than thirty (30) days after the Court rules on any Rule 56 Motion or, if no Rule 56 Motions are served, and if discovery and scheduling occurs as proposed, then on or before April 30 2006, thirty (30) days after Rule 56 motions were to have been filed.

**9)   Final pre-trial conference**

Date to be determined by the court.

**10)   Trial by Magistrate**

The parties cannot agree on trial of this matter before a judge magistrate.

| | |
|---|---|
| The Plaintiff, <br> **Michelle Jenkins** <br> **And Maddie Gadson** | The Defendant, <br> **Veterans Life** <br> **Insurance Company** |
| By Their Attorneys, | By Its Attorneys, |
| /s/ Burt Nadler <br> BURT NADLER, ESQ. <br> BBO # 366340 <br> One State Street, Suite 900 <br> **ALVARO LLP** <br> Boston, MA 02109 <br> (617) 720-1717 | /s/ Robert P. La Hait <br> ROBERT LA HAIT, ESQ. <br> BBO# 551000 <br> **FITZHUGH, PARKER &** <br><br> 155 Federal Street, Suite 1700 <br> Boston, MA  02110 <br> (617) 695-2330 |