UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHELLE JENKINS AND <br> MATTIE GADSON, <br>     Plaintiffs, <br><br> v. <br><br> VETERANS' LIFE INSURANCE <br> COMPANY, INC. <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 05-11139-NG |

**AMENDED ANSWER TO AMENDED COMPLAINTAND DEMAND FOR TRIAL BY JURY BY THE DEFENDANT, VETERANS' LIFE INSURANCE COMPANY, INC.**

The defendant Veterans' Life Insurance Company, Inc. ("VLIC"), hereby answers the like numbered paragraphs of the plaintiffs' Amended Complaint as follows:

1. VLIC denies that it affords coverage under life insurance policies. VLIC states the coverage at issue is provided pursuant to Group Accidental Death Certificates. Further answering, VLIC denies that it failed to pay accidental death benefits or denied plaintiffs equal rights under the law because of racial discrimination. Further answering, VLIC states that it is otherwise without sufficient information or knowledge to either admit or deny the remaining allegations contained in paragraph 1 of plaintiffs' Amended Complaint.

2. VLIC is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 2 of plaintiffs' Amended Complaint.

3. VLIC is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 3 of plaintiffs' Amended Complaint.

4.  VLIC admits that it is a life insurance company but denies the remaining allegations contained in paragraph 4 of plaintiffs' Amended Complaint. VLIC states that it is an Illinois Corporation with a principal place of business in Baltimore, Maryland.

5.  VLIC is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 5 of plaintiffs' Amended Complaint.

6.  VLIC is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 6 of plaintiffs' Amended Complaint.

7.  VLIC admits the allegations contained in paragraph 7 of plaintiffs' Amended Complaint, but denies that a policy of insurance has contract number QI35913. VLIC states that the correct contract number is QI 39513.

8.  VLIC admits the allegations contained in paragraph 8 of plaintiffs' Amended Complaint.

9.  VLIC admits that it has not paid any benefits under said policies and that it has not paid said benefits pending its investigation. Further answering, VLIC denies the remaining allegations contained in paragraph 9 of plaintiffs' Amended Complaint to the extent that it mischaracterizes the basis for VLIC 's not having paid benefits under said policies.

10. VLIC denies the allegations contained in paragraph 10 of plaintiffs' Amended Complaint

11. VLIC admits the allegations contained in paragraph 11 of plaintiffs' Amended Complaint.

12. VLIC is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 12 of plaintiffs' Amended Complaint.

13. VLIC denies the allegations contained in paragraph 13 of plaintiffs' Amended Complaint to the extent they assume VLIC had an obligation to do anything in response to plaintiffs'

93A demand letter or pay death benefits, pending its investigation, under said policies and, therefore, failed to fulfill such obligations. Further answering, the VLIC admits that it did not make an offer of settlement or otherwise pay death benefits under said policies in response to plaintiffs' settlement demand.

14. VLIC denies the allegations contained in paragraph 14 of plaintiffs' Amended Complaint to the extent they assume VLIC had an obligation to do anything in response to plaintiffs' further demand, including making a counter offer or otherwise paying death benefits, pending its investigation, under said policies and therefore violated M.G.L.A. 93A. Further answering, the VLIC admits that it did not make an offer of settlement or otherwise pay death benefits under said policies in response to plaintiffs' further settlement demand of April 12, 2005.

15. VLIC denies the allegations contained in paragraph 15 of plaintiffs' Amended Complaint.

16. VLIC denies the allegations contained in paragraph 16 of plaintiffs' Amended Complaint.

17. VLIC denies the allegations contained in paragraph 17 of plaintiffs' Amended Complaint.

18. VLIC denies the allegations contained in paragraph 18 of the plaintiffs' Amended Complaint.

## COUNT I

19. VLIC repeats and incorporates by reference herein its answers to paragraphs 1 through 18 of the plaintiffs' Amended Complaint.

20. VLIC denies the allegations contained in paragraph 20 of the plaintiffs' Amended Complaint.

21. VLIC denies the allegations contained in paragraph 21 of the plaintiffs' Amended Complaint.

22. VLIC denies the allegations contained in paragraph 22 of the plaintiffs' Amended Complaint.

## COUNT II

23. VLIC repeats and incorporates by reference herein its answers to paragraphs 1 through 22 of the plaintiffs' Amended Complaint.

24. VLIC denies the allegations contained in paragraph 24 of the plaintiffs' Amended Complaint.

## COUNT III

25. VLIC repeats and incorporates by reference herein its answers to paragraphs 1 through 24 of the plaintiffs' Amended Complaint.

26. VLIC is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 26 of plaintiffs' Amended Complaint.

27. VLIC denies the allegations contained in paragraph 27 of the plaintiffs' Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

The plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The acts or omissions complained of by the plaintiffs were not within the scope of any contractual obligations undertaken by VLIC.

### THIRD AFFIRMATIVE DEFENSE

Any damages the plaintiffs may have sustained are the proximate result of the acts or omissions of a third-party or third parties for whom VLIC is not legally responsible.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' Amended Complaint should be dismissed as plaintiffs failed to fulfill all necessary conditions precedent and obligations under the contract of insurance.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiffs' Amended Complaint should be dismissed for failure of consideration.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to satisfy all conditions precedent for the filing of a suit against VLIC pursuant to G.L. c. 93A, § 9 and G.L. c. 176D, and, therefore, plaintiffs' action should be dismissed.

### SEVENTH AFFIRMATIVE DEFENSE

Each and every act done or statement made by VLIC and its officers, employees and/or agents with reference to the plaintiffs was a fair and good faith assertion and/or exercise of VLIC's rights and obligations and, therefore, was privileged and/or justified.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that VLIC owed any obligations to the plaintiffs, such obligations have been fully, completely, and properly performed in every respect.

<u>NINTH AFFIRMATIVE DEFENSE</u>

The plaintiffs' Amended Complaint should be dismissed to the extent that plaintiffs' claim is specifically excluded from coverage under the terms of the policies of insurance at issue.

<u>TENTH AFFIRMATIVE DEFENSE</u>

To the extent the Amended Complaint seeks injunctive relief, the Amended Complaint should be dismissed as the plaintiffs have an adequate remedy at law.

WHEREFORE, VLIC demands that the Court dismiss plaintiffs' Amended Complaint and grant it such other relief, as the Court deems appropriate.

VETERANS' LIFE INSURANCE COMPANY, INC. DEMANDS A TRIAL BY JURY

**VETERANS' LIFE INSURANCE COMPANY, INC.**,
By its Attorney,

<u>/s/ Robert P. LaHait</u>
Robert P. La Hait, Esq.
BBO# 551000
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street
Suite 1700
Boston, MA 02210
(617) 695-2330

Dated: July 21, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the above document using the Court's Case Management/Electronic Case Filing System and have served the above document upon all counsel of record pursuant to the Administrative Procedures Governing the Filing and Service by Electronic Means on July 21, 2005.

<u>/s/ Robert P. LaHait</u>