**Exhibit "A"**

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____

|                                   |     |                                   |
|-----------------------------------|-----|-----------------------------------|
| MICHELLE JENKINS AND              | )   |                                   |
| MATTIE GADSON,                    | )   |                                   |
|       Plaintiffs,                 | )   |                                   |
|                                   | )   |                                   |
|                                   | )   |                                   |
|                                   | )   | Civil Action No.: 05-11139-NG     |
|                                   | )   |                                   |
| VETERANS' LIFE INSURANCE          | )   |                                   |
| COMPANY, INC.                     | )   |                                   |
|       Defendant.                  | )   |                                   |

_____)

**REVISED** Joint Discovery Plan

1)      **Written Discovery**

Interrogatories:

The parties ask this Court to allow them to propound no more than thirty (30) Interrogatories on each party; however, they may serve more than one set of Interrogatories during the discovery period.

Requests for Production of Documents:

The parties ask this Court to not limit the number of items a party can ask to have produced or the number of sets of requests it can serve.

Request for Admissions:

The parties ask this Court to allow them to serve a total of no more than thirty (30) Requests for Admissions on each party; however, they may serve more than one set of Requests for Admissions during the discovery period.

**2)    Service**

Interrogatories:

The parties agree that all Interrogatories must be served on or before December 30, 2005.

Request for Production of Documents:

The parties agree that initial document requests must be served on or before December, 2005, and additional document requests may be served as discovery proceeds, if needed.

Request for Admissions:

The parties agree that all Requests for Admissions must be served on or before March, 16, 2006.

**3)    Compliance**

Interrogatories:

The parties agree that all Interrogatories must be answered in accordance with Fed.R.Civ.P. 33(b).

Request for Production of Documents:

The parties agree that all initial document requests must be responded to in accordance with Fed.Civ.P. 34(b).

Request for Admissions:

The parties agree that all Requests for Admissions must be answered in accordance with Fed.Civ.P. 26(f).

**4)    Completion of Depositions**

The parties have agreed to complete depositions on or before May 28, 2006.

**5)    Number of Depositions**

The defendant anticipates that it may only take the deposition of the following individuals:

a)    Detective Jeremiah Benton, Homicide Unit Boston Police Department

b)    Plaintiffs

If these depositions reveal the identity of other possible witnesses with information relevant to plaintiffs' claims against the defendant, the defendant anticipates that it may need to take these depositions as well.

The plaintiff anticipates taking the depositions of Linda Newkirk, Peggy Moser, Karen Mohr, Carolyn Welham, Kelly Nix and the supervisor of the aforementioned employees of Veterans.

If these depositions reveal the identity of other possible witnesses with information relevant to plaintiffs' claims against the defendant or the defenses raised by the defendants, the plaintiffs anticipate that it may need to take these depositions as well.

**6)      Identification of Trial Experts**

The parties agree that the Plaintiff will disclose her expert witnesses, if any, no later than forty-five 45 days after completion of depositions, on May 30, 2006, and the Defendant will disclose its expert witnesses, if any, no more than thirty (30) days after plaintiff's disclosure.

The parties also request the Court to allow the deposition of expert witnesses. The parties agree and understand that party taking such depositions will bear the costs of the deposition and paying the expert fee for his or her time.

**7)      Filing of Motions**

The parties that agree that all amendments to the pleadings and other Rule 15 Motions are complete.

The parties agree that all Rule 56 Motions will be filed no later than May 31, 2006.

It is the intention of the defendant to move to stay the plaintiff's 93A claim pending a decision of the underlying claim no later than November 30, 2005. The plaintiff will oppose said Motion.

**8)      Settlement conference:**

The parties agree that there should be a Settlement Conference scheduled no more than thirty (30) days after the Court rules on any Rule 56 Motion or, if no Rule 56 Motions are served, and if discovery and scheduling occurs as proposed, then on or before May 31, 2006, thirty (30) days after Rule 56 motions were to have been filed.

**9)      Final pre-trial conference**

Date to be determined by the court.

The Plaintiffs,
**Michelle Jenkins**
**And Maddie Gadson**

By Their Attorneys,


_____**/s/**_____
BURTON A. NADLER, ESQ.
BBO # 366340
PETRUCELLY & NADLER, P.C.
One State Street, Suite 900
Boston, MA 02109
(617) 720-1717


The Defendant,
**Veterans Life**
**Insurance Company**

By Its Attorneys,


_____**/s/**_____
ROBERT LA HAIT, ESQ.

BBO# 551000
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street, Suite 1700
Boston, MA  02110
(617) 695-2330