UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____
                                                   )
MICHELLE JENKINS AND          )
MATTIE GADSON,                   )
     Plaintiffs,                       )
                                                   )     Civil Action No. 05-11139-NG
                                                   )
VETERANS' LIFE INSURANCE   )
COMPANY, INC.                      )
     Defendant.                      )
_____)

**MOTION TO SEVER AND STAY PLAINTIFFS' CLAIMS, PURSUANT TO M.G.L. C. 93A, AGAINST THE DEFENDANT, VETERANS LIFE INSURANCE COMPANY**

       Now comes the defendant, Veterans Life Insurance Company ("Veterans") and hereby moves that this Honorable Court sever and stay from plaintiffs' underlying breach of contract action, plaintiffs' claims against Veterans for violations of G.L. c. 93A and G.L. c. 176D, and states in support thereof as follows:

1.      That the concurrent litigation and trial of the G.L. c. 93A and G.L. c. 176D claims against Veterans with the underlying breach of contract actions will result in violations of the attorney-client privilege and disclosure of attorney work-product, to the detriment of Veterans.

2.      That to avoid prejudice to Veterans, the G.L. c. 176D and c. 93A claim must be severed and stayed pending the resolution of the underlying breach of contract action.

Annexed hereto in support hereof is a memorandum of law by Veterans.

**VETERANS LIFE INSURANCE COMPANY,**
By its Attorneys,

/s/ Robert P. La Hait
Robert P. La Hait
BBO No. 551000
**FITZHUGH, PARKER & ALVARO**
155 Federal Street, Suite 1700
Boston, MA 02110
(617) 695-2330

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____
                                    )
MICHELLE JENKINS AND                )
MATTIE GADSON,                      )
    Plaintiffs,                     )
                                    )   Civil Action No. 05-11139-NG
                                    )
VETERANS' LIFE INSURANCE            )
COMPANY, INC.                       )
    Defendant.                      )
_____)


**MEMORANDUM IN SUPPORT OF MOTION TO SEVER AND STAY PLAINTIFFS' CLAIMS, PURSUANT TO M.G.L. C. 93A, AGAINST THE DEFENDANT, VETERANS LIFE INSURANCE COMPANY**

**I.**                  **STATEMENT OF CASE**

In this action plaintiffs have brought suit against Veterans Life Insurance Company ("Veterans"), alleging breach of contract, violation of G.L. c. 93A and c. 176D and violation of 42 U.S.C.A § 1981.

This action arises from Veterans' alleged failure to timely pay death benefits to the plaintiffs pursuant to two Group Accidental Death Certificates ("Certificates") that Veterans issued to the certificate holder Rufus E. Jenkins. Specifically, it is alleged, inter alia, that on December 25, 2004, Rufus E. Jenkins was the victim of a homicide and that on January 3, 2005, plaintiffs submitted a claim for the death benefits under the Certificates on the basis that Rufus E. Jenkins' homicide triggered Veterans' obligation to pay the death benefits. It is further alleged that on March 21, 2005, approximately 2 months after submitting their claim, plaintiffs, through their attorney, served a letter claiming that Veterans' failure to pay the death benefits as of that date constituted bad

faith and demanding payment of the death benefits, pursuant to M.G.L. c. 93A and c.176D.

On March 11, 2005, approximately four months after the original submission of the claim by plaintiffs, plaintiffs filed suit against Veterans in the Suffolk Superior Court in Boston, Massachusetts. On June1, 2005, Veterans removed the action to Federal Court. On June 17, 2005, plaintiffs amended their Complaint to add the claim that Veterans' refusal to pay the death benefits violated 42 U.S.C.A § 1981.

Veterans now moves to sever and stay the plaintiffs' claims pursuant to G.L. c. 176D and c. 93A on the grounds that discovery and trial of the G.L. c. 176D and c. 93A claims will result in violations of the attorney-client privilege and disclosure of attorney work product, to the detriment of Veterans.

**II**.                                    **ARGUMENT**

Veterans requests that this Court sever and stay the G.L. c.176D and c. 93A portions of the plaintiffs' Amended Complaint for several reasons: (1) the G.L. c.176D/c.93A claims are not ripe for adjudication because the outcome of breach of contract action may render them moot; (2) prosecution of the G.L. c.176D/c.93A claims concurrently with the underlying breach of contract claims against Veterans will result in needless violations of the attorney-client privilege; and (3) prosecution of the G.L. c.176D/c.93A claims concurrently with the underlying breach of contract claims against Veterans will not likely result in any judicial economy because the claims will be tried to different triers of fact and may well be severed for trial in any event.

**A.     The G.L. c. 176D/c. 93A Claims Are Not Ripe For Adjudication.**

In this c.176D/c. 93A case, the jury's decision in the underlying breach of contract case may become a benchmark against which Veterans' conduct will be measured. *See, Gross v. Liberty Mutual Ins. Co.*, Massachusetts Appeals Court No. 84-0138 (1984), *see also, Commercial Union Insurance Company v. Watson*, Suffolk Superior Court No. 92-7185-H (trial court stated that result in underlying case was a "useful yardstick" against which an insurer's conduct would be measured). *Cf., Femino v. Manufacturers and Merchants Mutual Insurance Company*, Suffolk Superior Court No. 93-3998-H (trial court ruled insurance company's offer would be measured against the information available to it at the time demand was made, not against information presented to it subsequently during litigation). A jury verdict in favor Veterans would tend to support Veterans' decisional process and its handling of the plaintiffs' claim. Even a verdict for the plaintiffs in the contract action might highlight areas where liability – including damages – was reasonably disputed, thereby exonerating Veterans in the c.93A case. *See, Parker v. D'Avolio*, 40 Mass.App.Ct. 394 (1996).

Without a decision in the underlying contract case, there is no logical way for this Court to determine whether Veterans' conduct violated the standards of G.L. c.176D. For this reason, the c.93A claims against Veterans are not ripe and should be severed and stayed until such time as the contract claim is resolved.

**(a)     The Relevant Massachusetts Case Law Supports A Stay.**

Veterans' research has failed to uncover any reported Massachusetts cases either requiring or prohibiting a stay of the plaintiff's c.93A claims. However, the issue arises frequently in practice and has been ruled upon by the Massachusetts Appeals Court. For example, in *Gross v. Liberty Mutual Ins. Co., et al.*, *supra*, the plaintiff asserted a tort

claim against a defendant insured by CNA Insurance Company. The plaintiff was dissatisfied with CNA's settlement offers and sued CNA for alleged violations of G.L. c.176D. The plaintiff sought discovery from CNA, including copies of documents prepared by CNA as a working partner in its insured's defense. CNA moved for a protective order, claiming that the discovery was premature and possibly harmful to its insured.

The Appeals Court agreed with CNA and stayed all discovery on the c.176D claims until *after* the underlying tort claim was resolved. In lieu of discovery, the Appeals Court ordered CNA to preserve all the requested documents for possible production *after* the underlying case was resolved.

The Appeals Court made the same ruling in *Belcher v. Pawtucket Mut. Ins. Co.*, Appeals Court No. 89-J-672, Order entered September 27, 1989, and *Royal Insurance Co. v. Stoneham Auto Body & Service, Inc.*, Appeals Court No. 93-J-923 (Gillerman, J., December 7, 1993). In *Belcher*, Justice Kass noted, "it seems equally apparent ... that to authorize discovery in an unfair settlement claim before the underlying claim has been established is to get the cases in the wrong order." The Appellate Division of the District Court, in *Bixby v. Massamount Insurance Company*, 1986 Mass.App.Div. 118 (1986), upheld this same ruling, as did the Superior Court in *Bellanton v. Daniel*, Suffolk Superior Court No. 94-2338 (Freemont-Smith, J, December, 1995) and *Emhart Industries, Inc. v. First State Insurance Company & another*, Suffolk Superior Court No. 93-6675-A (Freemont-Smith, J, December 1995). Veterans is asking this Court to issue the same rulings as those approved by the Appeals Court in *Gross*, *Belcher*, and

*Stoneham Auto Body*, by the Appellate Division of the District Court in *Bixby*, and by the Superior Court in *Bellanton* and *Emhart*.

**(b)    Relevant Case Law From Other Jurisdictions Supports A Stay.**

Although this Court is not required to follow decisions from other states, it is sometimes helpful to consider similar cases from other jurisdictions. The plaintiffs' claims against Veterans are premised upon G.L. c.176D, which is taken from the Uniform Unfair and Deceptive Claims Practices Act, which a majority of states have enacted. Therefore, the precise situation at issue here often arises in other jurisdictions.

Few states allow pre-trial discovery in an unfair settlement claim to proceed prior to resolution of the underlying claim. A typical approach is that employed in California, which has enacted a statute virtually identical to G.L. c.176D.[1] Under California law, the case against the insurer cannot even be filed unless and until there is a "conclusive judicial determination of the insured's liability." *Moradi-Shalal v. Fireman's Fund Ins. Co.*, 46 Cal.3d 287, 250 Cal.Rptr. 116, 758 P.2d 58 (1988). Other jurisdictions have reached similar results. *See Jenkins v. J.C. Penny Cas. Ins. Co.*, 280 S.E.2d 252, 259 (W.Va. 1981); *Fode v. Farmers Ins. Exchange*, 221 Mt. 282, 719 P.2d 414, 417 (1986). Jurisdictions that hold to the contrary are an extreme minority. *See, Klaudt v. Flink*, 658 P.2d 1065 (Mont. 1983) (Court called its own decision "harsh").

**B.    Denial Of Veterans' Motion Will Cause Needless Violations Of The Attorney-Client Privilege.**

If the G.L. c.176D/c. 93A claims are prosecuted concurrently with the contract claim, Veterans will obviously be forced to conduct discovery for its defense now. Since

---

1 California Civil Code §790.03(h)(5) is, for all relevant purposes, identical to G.L. c.176D, §3(9)(f).

the claims asserted against Veterans include, inter alia, that it delay and failed to effectuate a settlement when liability was reasonably clear, Veterans must establish for trial what information it had – and did not have – when it made its decisions concerning settlement. *See*, *e.g. Femino v. Manufacturers and Merchants Mutual Ins. Co.*, *supra*. Because settlement decisions were made prior to the commencement of this action, much of Veterans' information about the plaintiffs' claim came from the plaintiffs' counsel. As a necessary part of Veterans' discovery, Veterans will seek to depose the plaintiffs' counsel and will inquire as to what information was available to the plaintiffs, and what information the plaintiffs contend was presented to Veterans. Veterans will also inquire as to conversations between plaintiffs' counsel and Veterans claims representatives. While this information is clearly discoverable in the context of a G.L. c.176D/c. 93A claim, it is protected from discovery in the breach of contract claim between plaintiffs and Veterans. *See, Elliott v. Shaw's Supermarkets, Inc., et al.*, Norfolk Superior Court No. 93-304 (Court ruled that material in an insurer's claims file was privileged and/or protected work product as defined by the Massachusetts Rules of Civil Procedure).

    Staying the G.L. c.176D/c. 93A action until the underlying breach of contract claim is resolved will avoid these privilege and work product problems.

**C.**    **There Is No Judicial Economy Achieved By Handling The G.L. c. 176D/c. 93A Claims And The Underlying Tort Claims Concurrently.**

    Although plaintiffs are entitled to a jury trial in the underlying breach of contract claim, they are not entitled to a jury trial on his G.L. c.176D/c.93A claims. It is, therefore, likely that the two cases will be tried to separate triers of fact.

**III.**                         **CONCLUSION**

For the reasons discussed above, concurrent discovery in the tort and c.176D/c. 93A claims presents certain evidentiary conflicts. If these cases are prosecuted concurrently, this Court will likely face repeated motions for protective orders. *See, Gross*, *supra* (Appeals Court granted protective order precluding discovery until underlying tort case resolved). Since concurrent prosecution is unlikely to result in any judicial economy, Veterans respectfully requests that the Court allow this motion.

        **VETERANS LIFE INSURANCE COMPANY**
        By its Attorneys,


        /s/ Robert P. La Hait
        Robert P. La Hait
        BBO No. 551000
        **FITZHUGH, PARKER & ALVARO**
        155 Federal Street, Suite 1700
        Boston, MA 02110
        (617) 695-2330