```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS


MICHELLE JENKINS and       )
MATTIE GADSON,             )
        Plaintiffs         )
                           )
     v.                    )
                           )    CIVIL ACTION NO. 05-11139-NG
VETERANS' LIFE INSURANCE   )
COMPANY, INC.              )
        Defendant          )
                           )
```

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO SEVER AND STAY PLAINTIFFS' CLAIMS**

The plaintiffs, Michelle Jenkins and Mattie Gadson (hereinafter "the plaintiffs"), hereby submit their Memorandum in Opposition to defendant Veterans' Life Insurance Company, Inc.'s (hereinafter "Veterans") Motion to Sever and Stay Plaintiffs' Claims.

**ARGUMENT**

I.  <u>The Plaintiffs' Claim Under M.G.L. c.176D/M.G.L c.93A Is Ripe For Adjudication.</u>

1. Massachusetts Case Law Does Not Support A Stay.

The case law cited by Veterans in support of a stay is inapplicable given that the same facts give rise to the plaintiffs' breach of contract and M.G.L. c.176D claims. Veterans cites a line of cases in which M.G.L. c.176D claims against an insurer have been stayed pending the resolution of an

underlying tort action between an insured and a third party alleging injury. Belcher v. Pawtucket Mutual Ins. Co., No. 89-J-672 (Mass. App. Ct. Oct. 5, 1989)(Kass, J., single justice), slip op.; Bellanton v. Daniel, 1995 Mass. Super. LEXIS 71 (1995); Commercial Union Ins. Co. v. Watson, 1993 Mass. Super. LEXIS 252 (1993); Emhart Indus., Inc. v. First State Ins. Co., 1995 Mass. Super. LEXIS 65 (1995); Gross v. Liberty Mut. Ins. Co., 1984 Mass. App. LEXIS 2011 (1984); Bixby v. Allstate Ins. Co., 1986 Mass. App. Div. 118 (1986). However, the aforementioned cases where the courts have declined to rule on the fairness of an insurer's settlement actions before a conclusion as to the insured's liability has been reached differ significantly from the instant matter.[1] Where an M.G.L. c.176D claim and an underlying tort claim involve different parties and separate facts, a stay is logical: conclusions regarding tort liability are integral to a determination of what a fair or unfair settlement of that claim might be. Even in such cases, the determination of whether to stay a consumer protection claim is still firmly within the discretion of the trial judge. Rurak v. Med. Prof'l Mut. Ins. Co., 2003 U.S. Dist. LEXIS 8648, at *6 (2003) ("while a court certainly would have the discretion to

---

[1] But see Femino v. Mfr. and Merchants Mut. Ins. Co., where a lack of liability on the underlying claim could be determined at summary judgment, the court did not stay the plaintiffs' claim under M.G.L. c.93A. 1994 Mass. Super LEXIS 440 (1994).

stay a claim for bad faith insurance practices pending the resolution of a medical malpractice trial, the court is not required to do so.")

In the case at bar there is no underlying or separately pending third party claim. The plaintiffs allege that Veterans' refusal to pay death benefits on Mr. Rufus E. Jenkins' life insurance policies constitutes both breach of contract and violation of M.G.L. c.176D; the same facts are essential to both claims. As a result, a fact-finder can logically consider Veterans' liability for both claims concurrently.[2] Moreover, when addressing claims of breach of contract and M.G.L. c.176D, the Massachusetts courts as well as this Court have frequently allowed concurrent discovery and trial of both claims. See generally Brown Daltas & Associates Inc. v. General Accident Ins. Co. of America, 844 F.Supp. 58 (D.Mass. 1994); First State Ins. Co. v. Utica Mutual Ins. Co., 870 F.Supp. 1168 (D.Mass. 1994); Colonial Gas Co. v. Aetna Casualty & Surety Co., 144 F.R.D. 600 (D.Mass. 1992); Kimball, 1999 Mass. App. Div. at 298; Dedham-Westwood Water District v. National Union Fire Ins. of Pittsburgh, 11 Mass. Super LEXIS 31 (2000); Hogan v.

---

[2] Veterans cites Parker v. Maria D'Avolio in which the circumstances of the insured's already-determined tort liability were essential to the Massachusetts Appeals Court's determination of no liability under M.G.L. c.93A. 40 Mass. App. Ct. 394 (1996). Yet in the instant case, the circumstances of the "underlying" breach of contract claim are before the Court. Veterans' same actions constitute breach of contract and violation of M.G.L. c.176D.

3

Metropolitan Property & Casualty Ins. Co., Mass. Super. LEXIS 17 (1997).

Given that there is no underlying third party claim, Massachusetts case law should not be interpreted as supporting a stay of the plaintiffs' M.G.L. c.176D claim.

2. Case Law From Other Jurisdictions Is Not Persuasive.

The breadth and quantity of Massachusetts case law addressing M.G.L. c.176D and M.G.L. c.93A obviates any need for reliance on case law from other jurisdictions. It is worth noting, however, that the cases cited by Veterans from other jurisdictions again address the necessary resolution of an underlying tort claim between the insured and a third party prior to the determination of unfair settlement claims. Moradi-Shalal v. Fireman's Fund Ins. Co., 758, P.2d 58, 69 (Cal.1988) ("there must be a conclusive judicial determination of the insured's liability before the third party can succeed in an action against the insurer.")(emphasis added); Jenkins v. J.C. Penny Cass. Ins. Co., 280 S.E.2d 252, 259 (W.Va. 1981); Fode v. Farmers Ins. Exchange, 719 P.2d 414, 417 (Mont. 1986). These cases are simply not applicable to the instant matter, for the same reasons discussed in relation to the Massachusetts cases cited by Veterans: there is no third party claim pending.

4

II. <u>Veterans' Concerns Regarding Attorney-Client Privilege Are Misplaced.</u>

Veterans argues that staying Jenkins' M.G.L. c.176D claim will avoid "needless violations of the attorney-client privilege." Notably, Veterans expresses concern regarding potential violations of the attorney-client privilege between the plaintiffs and their attorney. Veterans states:

> Veterans will obviously be forced to conduct discovery for its defense now . . . Veterans must establish for trial what information it had . . . when it made decisions concerning settlement . . . Veterans will seek to depose the plaintiffs' counsel and will inquire as to what information was available to the plaintiffs, and what information the plaintiffs contend was presented. Veterans will also inquire as to conversations between plaintiffs' counsel and Veterans claims representatives.

(Def.'s Mem. Supp. Stay). Indeed, to establish a defense, Veterans must reveal the information <u>it</u> possessed when settlement decisions were made, not the information possessed by the plaintiffs or their attorney. Thus, this endeavor does not involve the plaintiffs or their counsel, as Veterans seems to suggest.[3] With regard to conversations and correspondence between the plaintiffs' counsel and Veterans' claims representatives, no attorney-client privilege exists given the lack of privity between these actors.

---

[3] In fact, this veiled threat to the plaintiffs and their counsel not only has no basis in fact concerning the allegations of violations of the Massachusetts Fair Settlement Practices Act (M.G.L. c. 176D), but smacks of attempted intimidation by Veterans against the plaintiffs and their attorney.

Though Veterans has not raised the issue, it is worth noting that the plaintiffs' discovery requests are also unlikely to violate any privilege between Veterans and its counsel. While the plaintiffs will seek further information regarding Veterans' investigation and analysis of Mr. Rufus E. Jenkins' death, this information is not protected by attorney-client privilege, as it was gathered in the course of Veterans' ordinary business activities. In <u>Kay Construction Corp v. Control Point Assoc., Inc.</u>, a Massachusetts Superior Court ruled that,

> [W]here, as here, an insurer's settlement practices are at issue and an outside attorney conducts the investigation of the underlying claim, the product of that investigation and related communications are not, as a general rule, protected by the attorney-client privilege or the work-product doctrine. . . Thus, for the period that [the defense attorney] and his associates conducted the ordinary business function of claims investigation for [the defendant insurer], their work product, communications to the client and impressions about the facts are outside the protection of the asserted privileges.

2003 Mass. Super LEXIS 253, at *6. Finally, Veterans wrongly cites <u>Elliott v. Shaw's Supermarkets, Inc.</u>, 1995 Mass. Super. LEXIS 853 (1995) as supporting the notion that conversations between an attorney and client or claims representative are discoverable in the context of M.G.L. c.93A, but not in breach of contract actions. In <u>Elliott</u>, the plaintiff's claim was dismissed after she accessed the defendant insurance company's electronic claims record without prior authorization or notice. <u>Id.</u> at *2. Consequently, the court's

6

opinion addresses circumstances of fraud upon the judicial system, and is entirely inapplicable to the instant matter. Id. at *4.

III. Concurrent Treatment Of Jenkins' Claims Is The Most Efficient Course.

Veterans argues that the plaintiffs' claims will be decided by separate fact-finders regardless of the court's decision on the motion to stay the M.G.L. c.176D claim, because the plaintiffs are entitled to a jury trial only for their breach of contract claim. Yet it is more likely that the claims will be heard together if not severed: either in a jury-waived trial, or before a jury, with an advisory opinion to the Court on consumer protection issues. Given that these claims involve the same parties and the same set of facts, concurrent treatment is certainly more efficient than the administration of two separate trials, which will be necessary if Veterans succeeds in severing Jenkins' claims.

IV. Conclusions

Massachusetts case law supports concurrent discovery and trial of the plaintiffs' breach of contract and M.G.L. c.176D claims. Veterans' concerns regarding attorney-client privilege are unfounded. Lastly, judicial economy favors simultaneous treatment of the plaintiffs' claims. Therefore, the defendant's Motion to Stay and Sever should be denied.

        Respectfully submitted,
Plaintiffs,
By their attorney,


_____/s/Burton A. Nadler___
Burton A. Nadler
BBO# 366340
Petrucelly & Nadler, P.C.
One State Street, Suite 900
Boston, MA  02109
(617) 720-1717

Dated:  December 9, 2005

8