UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHELLE JENKINS and )
MATTIE GADSON, )
     Plaintiffs )
)
  v. )   CIVIL ACTION NO. 05-11139-NG
)
VETERANS' LIFE INSURANCE )
COMPANY, INC. )
     Defendant )
)

PLAINTIFFS' MOTION FOR LEAVE
TO AMEND THE COMPLAINT

    Now come the plaintiffs in the above entitled matter, and move this Honorable Court for leave to amend their Complaint by adding two additional plaintiffs, Michelle Jenkins siblings, Jovie Jenkins and Rufus Jenkins, Jr..

    As grounds for this Motion and in support thereof, the plaintiffs' state:

    1.  The plaintiffs through inadvertence did not place the other two beneficiaries of the decedent, Rufus Jenkins' life insurance policy as the plaintiffs on this matter.

    2.  There will be no harm or prejudice to the Court or to the defendant if this Court allows this Motion in order to clarify the beneficiaries under the terms of the policies in question.

3.  As further grounds for this Motion, the plaintiffs attach the Second Amended Complaint herein to effectuate these proposed changes.

WHEREFORE, the plaintiffs pray that they be granted leave to file the attached Second Amended Complaint in the instant matter.

                                Respectfully submitted,
                                Plaintiffs,
                                By their attorney,

                                /s/ Burton A. Nadler
                                _____
                                Burton A. Nadler
                                BBO# 366340
                                Petrucelly & Nadler, P.C.
                                One State Street, Suite 900
                                Boston, MA  02109
                                (617) 720-1717

                                Dated:  December 23, 2005

[jenkins,michelle/mtn 4 leave to amend]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
MICHELLE JENKINS, JOVIE    )
JENKINS, RUFUS JENKINS,    )
JR. and MATTIE GADSON,     )
        Plaintiffs         )
                           )      CIVIL ACTION NO. 05-11139-NG
     v.                    )
                           )
VETERANS' LIFE INSURANCE   )
COMPANY, INC.              )
        Defendant          )
```

**SECOND AMENDED COMPLAINT**

<u>INTRODUCTION</u>

1.   This is an action for declaratory and injunctive relief against the Veterans' Life Insurance Company, Inc., (hereinafter "Veterans") and for damages under M.G.L.c.93A, and for breach of contract and for violations of 42 U.S.C. §1981 (2005).  The plaintiffs are the beneficiaries of two life insurance policies of the now deceased Rufus Jenkins, the father of Michelle Jenkins and the son of Mattie Gadson.  The plaintiffs seek to enjoin Veterans from failing and refusing to pay the accidental death benefits under the above noted life insurance policies, for failing and refusing to settle said claim as required by law under M.G.L.c.93A letter and M.G.L.c.176D and for denying the plaintiffs equal rights under

1

law because of racial discrimination in violation of 42 U.S.C. §1981(2005).

## PARTIES

2.   Michelle Jenkins, Jovie Jenkins and Rufus Jenkins, Jr. are adult residents of the Dorchester section of the City of Boston, Suffolk County, Massachusetts.

3.   Mattie Gadson is an adult resident of the Dorchester section of the City of Boston, Suffolk County, Massachusetts.

4.   Veterans is a life insurance company with is current place of business in Frazer, and Valley Forge, Pennsylvania, doing business in the Commonwealth of Massachusetts.

## FACTS

5.   Before his untimely death on December 25, 2004, Rufus E. Jenkins was the father of the plaintiffs, Michelle Jenkins, Jovie Jenkins and Rufus Jenkins, Jr. and the son of the plaintiff, Mattie Gadson.  Rufus E. Jenkins was an African-American veteran.

6.   On December 25, 2004, Rufus E. Jenkins was stabbed to death in Boston, Massachusetts.

7.   Prior to his death, Mr. Jenkins had paid all of his premiums and was the owner of two polices of insurance through Veterans, contract numbers QH02529 and QI35913, the former naming the plaintiffs, Michelle Jenkins, Jovie Jenkins and Rufus

Jenkins, Jr. as the beneficiaries and the latter naming the plaintiff, Mattie Gadson, as the sole beneficiary.

8.  After the death of Rufus E. Jenkins, the plaintiffs timely petitioned Veterans to collect the aforementioned death benefits under the above mentioned policies.

9.  The defendant refused to provide said benefits, claiming that they had "an investigation that they had to handle with regards to this matter."

10.  The defendant's agents have been in touch with the Boston Police Homicide Unit, the Medical Examiner's Office and have received to date the Boston Police Incident Report, the autopsy report, the death certificate and any and all other information that they have sought that would reasonably allow them to make a determination as to the cause of death of Rufus E. Jenkins.

11.  The cause of death of Rufus E. Jenkins was multiple stab wounds.

12.  After months of delay, the plaintiffs, by their counsel, sent an M.G.L.c.93A demand letter to the Veterans demanding that the payments be made under the terms of the aforementioned policies.  This letter was sent by certified mail on March 21, 2005 and received on March 23, 2005.

13.  On April 7, 2005, the defendant responded by letter and rather than offering the policy proceeds or making any

counter offer of settlement, the defendant failed and refused to make any offer and still failed and refused to pay the death benefits under said policies.

14.   On April 12, 2005, counsel for the plaintiffs reiterated their demand indicating that the failure to make any counter offer was a further violation of M.G.L.c.93A and Veterans has failed to respond to that demand for payment of the death benefits thereunder.

15.   Veterans has unlawfully delayed and failed to make the payment of the death benefits by, among other demands, sending questionnaires to Detective Jeremiah Benton of the Boston Police Department, which have nothing to do with any exceptions in their insurance policy.  None of the questions negate or change the cause of death, which were multiple stab wounds.

16.    Part of the communication between Veterans and the Boston Police Department shows that Veterans is trying to link Mr. Jenkins' death to an "unlawful" act that <u>may</u> have been engaged in, said conclusion being nothing more than pure surmise and being based solely upon the fact that Mr. Jenkins was African American.

17.   Upon information and belief, Veterans has a policy of seeking "investigations" of minority insurance policy holders and this policy is based upon the policyholder's race or ethnic background and not upon the insurance policy.

4

18. The defendant has failed and refused to pay the beneficiaries under the terms of the policies, said refusal being based upon the fact that Rufus E. Jenkins was an African American.

CAUSES OF ACTION

Count I:  Breach of Contract (Third Party Beneficiaries)

19. The plaintiffs restate and incorporate by reference paragraphs one through 18, above, as though fully stated herein.

20. The policies of insurance held by Rufus E. Jenkins designated that payments would be timely made to the beneficiaries unless the cause of death was excluded.  No exclusion applies in the instant matter.

21. Thus, the defendant failed to make payments under it's insurance policies and has breached the insurance policies held on the life of Rufus E. Jenkins.

22. At all times relevant to this matter, the plaintiffs in this matter, as beneficiaries of both policies, were third party beneficiaries to the contract between the late Rufus E. Jenkins and the defendant and have suffered pecuniary loss as a result of the breach of contract.

Count II:  Violation of M.G.L.c.93A and M.G.L.c.176D

23. The plaintiffs restate and incorporate by reference paragraphs one through 22, above, as though fully stated herein.

24. The defendant has breached Chapter 93A by committing unfair and deceptive business practices in the business of insurance and by violating the Massachusetts Fair Settlement Practices Act (M.G.L.c.176D) by failing and refusing to pay the death benefits under the aforementioned policies of insurance and refusing to settle said claim where liability is reasonably clear and by making the beneficiaries bring the instant action to obtain benefits rightfully theirs.

Count III:  Violation of 42 U.S.C. §1981(2005)

25. The plaintiffs restate and incorporate by reference paragraphs one through 24, above, as though fully stated herein.

26. 42 U.S.C. §1981(2005) guarantees to the plaintiffs equal rights under the law such that the plaintiffs enjoy all the benefits of any contractual relationship without prejudice based upon their race or ethnic background or upon the race or ethnic background of Rufus E. Jenkins.

27. Veterans violated the aforementioned statute by virtue of their refusal to pay the life insurance befits because the policy holder, Rufus E. Jenkins, was African American.

PRAYERS FOR RELIEF

Wherefore, the plaintiffs pray:

A. That the defendant, Veterans Life Insurance Company, Inc., be preliminarily and permanently enjoined from failing and

refusing to pay the death benefits to the plaintiffs under the life insurance polices noted above.

    B.    That this Court declare the rights and liabilities of all parties in this action, pursuant to M.G.L.c.231A.

    C.    That the defendant pay damages to the plaintiffs under Count II, of <u>treble</u> the death benefits of each policy, plus all of the plaintiffs' costs, interest and a reasonable attorney's fee, pursuant to M.G.L.c.93A (Count II).

    D.    That the defendant pay all actual, compensatory, consequential and punitive damages to the plaintiffs, plus all of the plaintiffs' costs, interest and attorney's fees under 42 U.S.C. §1981 (Count III).

    E.    That this Court award such other relief as it deems necessary and proper.

THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES TRIABLE.

Respectfully submitted,
Plaintiffs,
By their attorney,

/s/ Burton A. Nadler
_____
Burton A. Nadler
BBO# 366340
Petrucelly & Nadler, P.C.
One State Street, Suite 900
Boston, MA  02109
(617) 720-1717

Dated:   December 22, 2005

```
[jenkins,michelle/amended complaint]
```

8